[Cite as *Lindsey v. Ohio State Univ. Med. Ctr.*, 2010-Ohio-2656.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DOROTHY LINDSEY

      Plaintiff

      v.

OHIO STATE UNIVERSITY MEDICAL CENTER

      Defendant
      Case No. 2009-02952

Judge Joseph T. Clark

DECISION

{¶ 1} On April 12, 2010, the court issued an entry wherein the court granted defendant's motion for summary judgment as to plaintiff's breach of contract and promissory estoppel claims, and determined that genuine issues of material fact existed with regard to plaintiff's race discrimination claim. Upon review of that entry, the court hereby determines that such entry shall be amended to reflect that the claims of breach of contract and promissory estoppel were dismissed due to this court's lack of subject matter jurisdiction. On May 10, 2010, this case came on for trial on the issue of liability. Upon the conclusion of plaintiff's presentation of evidence, defendant moved for an involuntary dismissal pursuant to Civ.R. 41(B)(2), which provides in relevant part:

{¶ 2} "After the plaintiff, in an action tried by the court without a jury, has completed the presentation of the plaintiff's evidence, the defendant, without waiving the right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence."

{¶ 3} Inasmuch as plaintiff failed to produce sufficient evidence to support her claim, defendant's motion to dismiss was granted at trial. The court also announced that findings of fact and conclusions of law would be issued forthwith.

{¶ 4} Plaintiff, an African-American female, testified that she accepted a "voluntary demotion from an unclassified position" to a classified civil service position in defendant's department of surgery, on January 2, 2007. Although plaintiff had held various positions with defendant, she acknowledges that this was the first time that she had accepted a classified civil service position. Defendant terminated plaintiff from that position on June 29, 2007. According to plaintiff, defendant discriminated against her on the basis of her race and treated her differently than other similarly-situated co-workers who were not African-American. Conversely, defendant maintains that plaintiff was subject to a six-month probationary period and that she failed to adequately perform the basic requirements of her job.

{¶ 5} In support of her discrimination claim, plaintiff asserts that she was harassed by other staff members who made unfavorable comments to her. When asked to quantify the frequency of the statements made toward her, plaintiff testified that such comments were made "regularly enough to be bothersome," practically "daily." Upon cross-examination, plaintiff could recall only one episode that she termed as pertaining to "skin tones"[1] and another statement in reference to whether it was appropriate to "lick" envelopes or to seal them with tape. She also recalled that a Hispanic co-worker told her that persons in plaintiff's position "don't stay."

{¶ 6} Disparate treatment discrimination has been described as "the most easily understood type of discrimination. The employer simply treats some people less favorably than others because of their race, color, religion, sex, or national origin." *Teamsters v. United States* (1977), 431 U.S. 324, 335-336, fn. 15. In a disparate treatment case, liability depends upon whether the protected trait actually motivated the employer's decision. *Hazen Paper Co. v. Biggins* (1993), 507 U.S. 604, 610. "Whatever the employer's decisionmaking process, a disparate treatment claim cannot succeed unless the employee's protected trait actually played a role in that process and had a determinative influence on the outcome." Id.

---

[1] In describing the "skin tones" discussion, plaintiff explained that on the day in question, she was suffering an allergic reaction and had a visible rash on her face. Plaintiff testified that her co-worker commented about the "scaly" appearance of the rash.

{¶ 7} Plaintiff may establish a prima facie case of race discrimination either by direct evidence or by the indirect method established by the United States Supreme Court in *McDonnell Douglas Corp. v. Green* (1973), 411 U.S. 792. Under *McDonnell Douglas*, an inference of discriminatory intent may be made by establishing that plaintiff: 1) was a member of a protected class; 2) suffered an adverse employment action; 3) was qualified for the position held; and, 4) that comparable, nonprotected persons were treated more favorably. Id. See also *Austin v. Ohio Dept. of Admin. Servs.*, Ct. of Cl. No. 2007-05202, 2008-Ohio-7051, following *McDonnell Douglas.*

{¶ 8} The parties do not dispute that plaintiff was in a protected class and that she was terminated from her position. In regard to her job performance, plaintiff admitted that she had to be reminded on several occasions to answer the telephones in a particular manner and that she had failed to supply the requisite patient identification numbers when she relayed telephone messages from patients to other oncology staff members. Defendant's Human Resources employees, Kate Dillingham and Maxine Vargas, testified that plaintiff received both coaching and feedback from her supervisor and others; however, her performance did not improve. Indeed, Vargas testified that she warned plaintiff in March 2007 that she needed to be more careful with reference to patient confidentiality. In addition, Vargas stated that she instructed plaintiff that the procedures in place for the surgical oncology department differed significantly from the way plaintiff had performed her duties in her previous unclassified position.

{¶ 9} Upon review of the testimony and evidence presented, the court finds that plaintiff failed to present sufficient evidence to meet her burden with respect to the third element necessary to prove indirect racial discrimination. The court finds that ample evidence was adduced at trial to show that plaintiff was not performing her job duties as directed by her supervisor and that she failed to demonstrate a genuine interest in improving her performance when given the opportunity to do so. For example, plaintiff was offered time off from work to attend a customer service class and she reportedly arrived late to the class and proceeded to doze during the ensuing discussions.

{¶ 10} As to the fourth prong, the case law in Ohio makes clear that plaintiff must show that the other person referenced was comparable in all respects. *Mitchell v. Toledo Hosp.* (C.A.6, 1992), 964 F.2d 577, 582. Thus, "plaintiff need not demonstrate an exact correlation with the employee receiving more favorable treatment in order for the two to be considered 'similarly-situated'; rather, * * * the plaintiff and the employee

with whom the plaintiff seeks to compare himself * * * must be similar in 'all of the relevant aspects.' The individuals with whom the plaintiff seeks to compare * * * her treatment must have dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." *Clark v. City of Dublin,* Franklin App. No. 01AP-458, 2002-Ohio-1440. (Citations omitted.)

{¶ 11} Upon review of the testimony and evidence presented, the court finds that plaintiff failed to prove that the persons whom she alleges were treated more favorably were similar to her in all relevant respects. The court notes that at least two of the co-workers referenced were medical associates rather than medical assistants, and a third co-worker was a member of plaintiff's protected class. In addition, plaintiff failed to identify a single co-worker who was serving a six-month probationary period pursuant to an initial appointment to the classified civil service.

{¶ 12} For the foregoing reasons, the court concludes that plaintiff failed to sustain her burden of proof that she was discriminated against on the basis of her race, that she was treated less favorably as a result of her race, or that the decision to terminate her employment was racially motivated.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DOROTHY LINDSEY

Plaintiff

v.

OHIO STATE UNIVERSITY MEDICAL CENTER

Defendant
Case No. 2009-02952

Judge Joseph T. Clark

<u>JUDGMENT ENTRY</u>

The court's April 12, 2010 entry is hereby amended such that plaintiff's claims for breach of contract and promissory estoppel are DISMISSED, for lack of subject matter jurisdiction.

On May 10, 2010, this case was tried to the court on the issue of liability. At the close of plaintiff's case, defendant moved for dismissal of plaintiff's case pursuant to Civ.R. 41(B)(2). The court finds that plaintiff failed to produce sufficient evidence to support her claim and that upon the facts and the law plaintiff has shown no right to relief. Accordingly, the court GRANTS defendant's motion.

Judgment is hereby rendered in favor of defendant pursuant to Civ.R. 41(B)(2). Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
JOSEPH T. CLARK
Judge

cc:

Amy S. Brown                              John J. Alastra
Velda K. Hofacker                         Kendall D. Isaac
Assistant Attorneys General               341 South Third Street, Suite 10
150 East Gay Street, 18th Floor           Columbus, Ohio 43215
Columbus, Ohio 43215-3130

SJM/cmd
Filed May 28, 2010
To S.C. reporter June 9, 2010